**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CASE NO.  24-CR-506 (TJK)** |
| v. : | |
| : | **VIOLATION:** |
| : | **18 U.S.C. § 371 (Conspiracy)** |
| **BRYAN KINARD,** : | |
| Defendant. : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I. Summary of the Plea Agreement

The Defendant agrees to plead guilty to one count of Conspiracy to Provide Contraband in a Prison, in violation of 18 U.S.C. § 371.

### II. Elements of the Offense

The elements of the offense of Conspiracy to Provide Contraband in a Prison, in violation of 18 U.S.C. § 371, each of which the Government must prove beyond a reasonable doubt, are:

1. Two or more people agreed to commit the offense of Providing Contraband in a Prison, in violation of 18 U.S.C. § 1791(a)(1);

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

The elements of Providing Contraband in a Prison, in violation of 18 U.S.C. § 1791(a)(1)— the object of the conspiracy—are:

1. The defendant knowingly provided, or attempted to provide, an object to an inmate of a prison;

1

and
      2. The providing of the object violated a statute, or a rule or order issued under a statute;

      3. That the object is a prohibited object.

### III. Penalties for the Offense

In this instance, the Conspiracy to Provide Contraband in a Prison, in violation of 18 U.S.C. § 371, are:

(A)    a term of imprisonment of not more than one year;

(B)    a fine not to exceed $100,000;

(C)    a term of supervised release of not more than one year; and,

(D)    a special assessment of $25.

### IV. Factual Proffer

Pursuant to Federal Rule of Criminal Procedure 11, the Government and Kinard, with concurrence of his attorney, agree and stipulate as follows:

1. Bryan Kinard was a correctional officer with the District of Columbia Department of Corrections ("DOC") between August 2023 and July 2024.

2. DOC is a penal institution with an average daily population of approximately 1,700 inmates. It is located at 1901 D Street, in Southeast, Washington, D.C.

3. The Central Detention Facility ("CDF") is one of two DOC correctional facilities in Washington, D.C. that houses adult male detainees awaiting trial, serving a misdemeanor sentence, or in transit to a BOP facility. CDF also houses federal detainees awaiting trial in the United States District Court for the District of Columbia pursuant to a contract with the Bureau of Prisons (BOP).

Northwest-1 ("NW-1") and Southwest-1 ("SW-1") are maximum-security housing units located in CDF.

4. DOC trains all employees, including Bryan Kinard, to prevent the possession and introduction of contraband into facilities and to detect it when present in the facilities. Introducing or trafficking contraband of any kind to inmates is strictly prohibited, as outlined in the October 21, 2022, DOC Contraband Control Policy. The objective of this policy is to maintain "[t]he security, safety and orderly operation of all DOC facilities," and entails levying "[a]ppropriate sanctions []  against any individual who possesses, attempts to introduce introduces or traffics contraband within DOC facilities." The policy cellular telephones as major contraband. Additionally, cellular telephones are considered prohibited objects as defined in 18 U.S.C. § 1791(d)(1)(F).

5. On June 30, 2024, July 7, 2024, and July 21, 2024, Bryan Kinard agreed to retrieve Tupperware containers and smuggle Tupperware containers into CDF and provide them to Co-Conspirator-1—an inmate in the D.C. Jail.

6. Specifically, on July 21, 2024, Bryan Kinard was working as a corrections officer in CDF. That day, an associate of Co-Conspirator-1 placed a Tupperware container with an orange top in Bryan Kinard's vehicle, which was located in the staff parking lot of the D.C. Jail.

7. During his lunch break, Bryan Kinard retrieved the Tupperware container with an orange top from his vehicle and brought it into the jail.

8. Bryan Kinard brought the container into the NW-1 housing unit and placed the container in the room where the inmates have access to electronic tablets. Bryan Kinard then escorted Co-Conspirator-1 into the tablet room and told him the location of the Tupperware container.

9. Co-Conspirator-1 retrieved the Tupperware container, placed it in his laundry bag, and brought the container into his assigned cell.

10. The Tupperware container contained, among other things, two cellular phones.

11. While Bryan Kinard was unaware of the exact contents that the Tupperware contained, he knew it contained at least one "prohibited object," as defined in 18 U.S.C. § 1791, because it threatened the order, discipline, and security of CDF.

12. Bryan Kinard was aware that in February 2024, another correctional officer—Correctional Officer-1—was placed on administrative leave after smuggling contraband into CDF on behalf of Co-Conspirator-1 and other inmates in the NW-1 housing unit. Bryan Kinard is unaware of Correctional Officer-1's motivation for smuggling the items into CDF or what Correctional Officer-1 knew or did not know about the items he was smuggling into CDF.

Respectfully Submitted

Matthew M. Graves
United States Attorney

BY:   /s/ Joshua Gold
      Joshua A. Gold
      Assistant United States Attorney

## DEFENDANT KINARD'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to the Information in this case, charging me with Conspiracy, in violation of 18 U.S.C. § 371. I have discussed this proffer fully with my attorney, Nicholas Madiou. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 12/2/2024

_____
Bryan Kinard

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 12/2/2024

_____
Nicholas G. Madiou, Esq.
Counsel for Defendant

5