# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **v.** | * |
| | * **Docket No.: 24-cr-00506-TJK** |
| **BRYAN KINARD** | * |
| | * |
| **Defendant** | * |
| | * |

## <u>DEFENDANT'S MEMORANDUM IN AID OF SENTENCING</u>

The Defendant, Mr. Bryan Kinard, by and through his attorneys, Nicholas G. Madiou, and Brennan, McKenna & Lawlor, Chtd., submits this Memorandum in support of the arguments to be presented at sentencing.

## I. Introduction

Undersigned counsel respectfully submits this memorandum in support of a guidelines sentence of probation. Such a sentence is sufficient but not greater than necessary in this case. In support of this request, this Memorandum will focus on Mr. Kinard's history and characteristics, including his lack of prior criminal history, his otherwise stellar work history, and his role as a loving and caring father. This Memorandum will also focus on Mr. Kinard's immediate acceptance of responsibility ██████████████████████████████████████████

██████████

On balance, when considering all of the factors under § 3553(a), including the seriousness of the offense and the need to promote respect for the law, a sentence of probation is appropriate given Mr. Kinard's response to this case, his role in the offense conduct, and other factors that shall be set forth below. Mr. Kinard's acceptance of responsibility, and his commitment to examine his conduct and respond in an exceedingly positive way all support the requested sentence in this case.

## II. Procedural History

On August 12, 2024, Mr. Kinard received a target letter from Government Counsel. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Mr. Kinard accepted responsibility immediately in this case, waived indictment and agreed to plead guilty before the Court.

On November 8, 2024, in accordance with the parties' pre-indictment plea agreement, the United States filed a one-count Information charging Mr. Kinard with Conspiracy to Provide Contraband in Prison, in violation of 18 U.S.C. ¶ 371. The criminal conduct at issue in this case occurred between June 30, 2024 and July 25, 2024.

On December 2, 2024, Mr. Kinard formally accepted responsibility before this Honorable Court and pleaded guilty to the one-count Information pursuant to a written plea agreement. *See* ECF Dkt. Nos. 7 (Plea Agreement); 8 (Statement of Offense); and 9 (Waiver of Trial by Jury).

Sentencing is currently scheduled for April 1, 2025 at 10:30 a.m.

### III. Plea Agreement & Guideline Calculations

Mr. Kinard agrees with the guideline calculations set forth in the presentence investigation report ("PSR"). The base offense level applicable to this case is 6 pursuant to USSG §§ 2X1.1(a) and 2P1.2(a)(3). PSR, at ¶ 31. Two levels are added because Mr. Kinard was a correctional officer at the time of the offense conduct, pursuant to USSG § 2P1.2(b)(1). PSR, at ¶ 32.

The offense level in this case is reduced by two levels because Mr. Kinard meets the criteria of the Zero-Point Offender adjustment pursuant to USSG §§ 4C1.1(a)(1)-(10). PSR, at ¶ 39. An additional two-point reduction is applied based on Mr. Kinard's clear demonstration of acceptance of responsibility. PSR, at ¶ 38.

As a result of these calculations, the total adjusted offense level applicable in this case is 4. PSR, at ¶ 40.

Mr. Kinard comes before the Court with absolutely no prior criminal history. Mr. Kinard has no prior arrests or convictions. Accordingly, Mr. Kinard is properly designated in Criminal History Category I. Based on a Criminal History Category I

and a total offense level of 4, the advisory sentencing guidelines range applicable in this case, is 0 to 6 months of imprisonment.[1]

Mr. Kinard's advisory guidelines range falls into Zone A of the Sentencing Table. Accordingly, a sentence of probation represents a guidelines sentence. *See* U.S.S.G. § 5C1.1(b). In accordance with the written plea agreement entered in this case, the Government has agreed to recommend a probationary sentence. *See* ECF Dkt. No. 7, at ¶ 5.

For the reasons set forth throughout this memorandum, Mr. Kinard respectfully asks this Court to impose a guidelines sentence of probation.

## IV. A Reasonable Sentence in This Case

The Supreme Court has said that the cornerstone of federal sentencing is that the sentencing judge "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (*quoting Koon v. United States*, 518 U.S. 81, 113 (1996)). This Court must make an "individualized assessment" of the sentence warranted by §3553(a) "based on facts presented" and "may not presume that the Guidelines range

---

[1] Application Note 10 to U.S.S.G. § 5C1.1 states that for defendants like Mr. Kinard who satisfy the criteria for the downward adjustment under § 4C1.1 and whose advisory guidelines range falls within Zone A or B of the Sentencing Table, a sentence other than a sentence of imprisonment is "generally appropriate."

is reasonable." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). The deference granted to a district court's determination springs from its "singular advantage of actual and extensive sentencing experience," as well as "its familiarity with the individual case and the individual defendant before it." *Id*. at 170.

Here, when considering all relevant factors, a probationary sentence represents a sufficient punishment for Mr. Kinard's criminal conduct without being greater than necessary.

### A. Mr. Kinard's Personal History & Characteristics

#### i. Mr. Kinard's Youth

Bryan Kinard was born on July 6, 1978, in Washington, D.C. He is youngest of three sons born into his family. His parents were not married. Mr. Kinard grew up with his two brothers who were all raised by their single mother. Mr. Kinard had no relationship with his father, who abandoned his family. As reflected in the PSR, Mr. Kinard met his father for the first time when he was 14 years old, and has only had a handful of interactions with him throughout his entire life.

Mr. Kinard has reflected on how difficult it was to grow up without a father. "He recalls the pain of his father telling him over the phone that he would visit, only to never follow through." PSR, at ¶ 52. "In contrast, [Mr.] Kinard always had a close relationship with his mother," whom he described as his "everything" and a "superhero." PSR, at ¶ 53.

5

Despite his mother's unending love and affection, she too struggled during Mr. Kinard's formative years. As reflected in the PSR, when Mr. Kinard was a child his mother struggled with an addiction to crack cocaine. This ultimately resulted in his mother being sent to jail for approximately one year. During this time, Mr. Kinard was placed in the custody of his maternal aunt. To his mother's credit, she overcame her addiction and remained sober for the rest of her life.

Growing up, Mr. Kinard's family suffered financially. As a single parent, Mr. Kinard's mother worked hard as a housekeeper. The family relied on Government assistance, but during his mother's addiction that money often went to funding her use of crack cocaine. As a child, Mr. Kinard experienced abrupt evictions from their home, extended periods of time without heat or electricity, and a lack of adequate clothing. In addition, there was often not enough food for the family to eat, resulting in Mr. Kinard skipping meals as a child.

Despite these challenges, Mr. Kinard has always felt incredibly loved by his mother, and the two shared an extremely close relationship. As an adult, Mr. Kinard cared for his mother while her health declined. His mother struggled with COPD, diabetes, HIV, congenital heart failure and neuropathy. PSR, at ¶ 68.  Mr. Kinard lived with his mother and cared for her from 2019 up until the time of her death in 2023.

### ii. *Mr. Kinard's Education and Employment History*

Despite his difficult childhood, Mr. Kinard has demonstrated a life-long desire to live a good and honest life. Mr. Kinard attended Ballou Senior High School in Washington, D.C. from 1994 to 1997. His family did not encourage education and he dropped out of high school during his senior year to begin working. More than a decade later, Mr. Kinard sought to better himself by obtaining his General Education Development (GED) certificate, which he did on December 11, 2009.

Mr. Kinard has a long history of employment dating back to his teenage years. For a decade, from 1998 to 2008, Mr. Kinard worked as a cook and Kitchen manager at a seafood restaurant in Washington, D.C. Then, for more than a decade, Mr. Kinard worked as a chef for Harris Teeter Supermarkets, in Washington, D.C. Prior to working for the D.C. Department of Corrections, Mr. Kinard also worked as a warehouse worker for the food company Aramark.

Following his termination by the D.C. Department of Corrections Mr. Kinard sought employment for many months. He struggled financially as he looked for new work. On February 3, 2025, Mr. Kinard was hired as the Supervising Food Service Worker at Kipp Public Charter School in Washington, D.C. Mr. Kinard is proud to work in this role helping to feed children, and he is grateful for his new employment.

Mr. Kinard has always prided himself in working hard to provide for himself and his family. As a result of his actions in this case he of course was terminated by the D.C. Department of Corrections. What is clear is that the offense conduct in this case represents an aberration in Mr. Kinard's life, which up until this time has been largely unblemished. He has responded to this case in a way that is clearly in line with his convictions and morals. He respectfully asks the Court to consider his long history of hard work and dedicated to bettering himself when imposing a just sentence of probation.

      iii. *Family Circumstances*

Mr. Kinard comes before the Court as a loving and supportive father. Mr. Kinard has never been married but has raised three children who are now all adults: Alexis (age 27); Jaylan (age 21); and Briya (age 20). Alexis is not Mr. Kinard's biological child. Despite this, Mr. Kinard raised Alexis since she was a baby and loves her and considers her his own.

Mr. Kinard's daughter, Briya has long suffered from serious health concerns. As a child at the age of 5, she was diagnosed with Lupus. Then, "when she was 18 years old, she was diagnosed with Crohn's disease and began having seizures. The medication she was taking had a side effect of injuring the bones in her leg. As a result, she has difficulty walking and standing for long periods of time." PSR, at ¶59.

Mr. Kinard has loved and cared for Briya throughout her life, and she holds a special place in his heart especially as a result of the difficulties she has faced.

Mr. Kinard has a close relationship with all three of his children. He has always focused on setting a positive example for his kids. He never hesitated to share with his children the difficulties he faced growing up, and demonstrate how, through hard work and a positive mindset, one can overcome societal difficulties. Even during this, Mr. Kinard's lowest point, he has sought to lead by example. He has not hidden the offense conduct from his children. Instead, he has demonstrated the importance of owning up to one's mistakes, and moving forward positively.

██████████████████████████████

████████████████████████████████████

███████████████████████

████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

    ██████████████████████████████████

██████████████████████████████████

    ██████████████████████████████████

████████████████████████████████████████

████████████████████████████

    ██████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

10

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████
      █████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████

### C. Acceptance of Responsibility and Remorse

Mr. Kinard accepted responsibility before this Court with a genuine desire to atone for his conduct and move past this shameful period of his life. ████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

Mr. Kinard hopes that his response to this case has demonstrated that his acceptance of responsibility is genuine. At sentencing, he intends to address this Court to express his remorse of his conduct, the insight he has gained from this case, and his acceptance of responsibility for his role in the offense.

Mr. Kinard is truly ashamed of the decisions he made. He is committed to turning this chapter of his life into a valuable learning lesson not only for himself, but for his children. He respectfully asks the Court to consider the genuineness of his remorse, and the sincerity behind his commitment to never engaging in such conduct again.

## V. Conclusion

In light of the above, Mr. Kinard respectfully requests that this Court exercise leniency in its ultimate resolution of this matter and consider Mr. Kinard's personal history and characteristics, ████████████████████████████ ████████████████████████████

Undersigned counsel respectfully submits that a guideline sentence of probation for Mr. Kinard's involvement in this case is sufficient, but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/ Nicholas Madiou

_____

Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044
nmadiou@brennanmckenna.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on April 25, 2025, and an electronic copy was forwarded to the Office of the United States Attorney and to chambers.

/s/ Nicholas Madiou

_____

Nicholas G. Madiou